UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Crim. No. 6:18-cr-00009-GFVT-HAI |
| V. | ) ) ) | |
| DENNIS RODNEY MIRACLE, | ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 23] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant Dennis Rodney Miracle is charged with two violations of his supervised release conditions. *Id.* at 2–3. For the reasons that follow, the Recommended Disposition [R. 23] will be adopted.

Judgment was originally entered against Mr. Miracle in January 2011, after he pled guilty to one count of being a felon in possession of a firearm, one count of driving under the influence, and one count of driving on a suspended license. [*Id.* at 1; R. 1-3.] At that time, Mr. Miracle was sentenced to ninety-six months of imprisonment, followed by a three-year term of supervised release. [R. 23 at 1.] Mr. Miracle began his initial term of supervised release on August 15, 2017. *Id.*

In June 2018, the Defendant's supervised release was revoked for the first time after he was found guilty of two violations. *Id.* at 2. These violations each stemmed from a drug test administered by his probation officer which tested positive for methamphetamine and Mr.

Miracle's subsequent admission to methamphetamine use. *Id.* As a result of these violations, Mr. Miracle was sentenced to a below-Guidelines sentence of twelve months of imprisonment, followed by an eighteen-month term of supervised release. *Id.* On April 1, 2019, Mr. Miracle was again released and began his additional term of supervision. *Id.*

On November 12, 2019, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. *Id.* Mr. Miracle made his initial appearance on December 17, 2019 and was remanded to custody at that time. [*Id.*; R. 17.] The Report issued by the USPO charged Mr. Miracle with two violations following his October 13, 2019 arrest and citation for Operating a Motor Vehicle Under the Influence in Bell County, Kentucky. [R. 23 at 2–3.] Specifically, Violation #1 alleges that Mr. Miracle violated the condition of his supervised release which requires him to not commit another federal, state, or local crime. *Id.* at 2. Such conduct would constitute a Grade C violation. *Id.* Violation #2 alleges that Mr. Miracle violated the condition that requires him to notify his probation officer within 72 hours of any arrest or questioning by law enforcement. *Id.* at 3. This conduct would also constitute a Grade C violation. *Id.*

At the final hearing on January 3, 2020, Mr. Miracle contested both violations. See *id.* at 3. As a basis for Violation #1, the United States took the position that Defendant's conduct violated KRS § 189A.010(1)(c), which prohibits driving under the influence, and introduced evidence as to each statutory element.[1] *Id.* at 4, 11–17. Judge Ingram heard testimony from the two Middlesboro Police Officers who interacted with Mr. Miracle on the day of his arrest and citation, Officer Christopher Stephen Barnes and Sergeant Joshua Allen Harris, as well as Mr.

---

[1] The Recommended Disposition indicates that the state court matter is still pending as the court and prosecution are waiting on results from the blood test taken the day of arrest. [R. 23 at 2.]

2

Miracle's federal probation officer. *Id.* The Government also introduced as evidence medical records from Mr. Miracle's hospital visit that followed shortly after his arrest. *Id.* at 8–9. Mr. Miracle contested that he was illegally driving under the influence and insisted that, instead, his behavior that day was due to an ongoing respiratory attack and, further, that he did not remember driving the vehicle. *Id.* at 10, 14. Based upon the testimony and evidence introduced, Judge Ingram found that each statutory element had been established by a preponderance of the evidence. *Id.* at 11–15. Thus, Judge Ingram concluded that Mr. Miracle committed Violation #1, as charged in the Report. *Id.* at 15.

The Court now turns to the findings related to Violation #2, which charges that Mr. Miracle violated the condition of his supervised release requiring that he notify his probation officer within 72 hours of any arrest or questioning by law enforcement. Defendant did not stipulate to Violation #2 but failed to introduce any exculpatory evidence or advance any argument against a finding that he violated the relevant condition of supervised release. *Id.* at 17. As such, Judge Ingram found that the "evidence supporting Violation #2 was uncontroverted," and concluded that Mr. Miracle had committed Violation #2, as charged. *Id.*

The parties did not offer a jointly recommended sentence. [R. 23 at 18.] The United States argued for twelve months of imprisonment, followed by eleven months of supervised release. *Id.* Defense counsel argued for ten months of imprisonment with no supervised release term. *Id.* On January 8, 2020, Judge Ingram issued a Recommended Disposition which recommended revocation of Mr. Miracle's supervised release and a term of ten months of imprisonment, followed by a twelve-month term of supervised release. *Id.* at 21.

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. *Id.* at 17. The current violations arising from Mr. Miracle's arrest for

3

driving under the influence are concerning given that the initial charges and conviction in this case resulted from an arrest for driving under the influence in a federal park. *Id.* at 20. Further, as noted by Judge Ingram, such conduct is not outside of the norm for Mr. Miracle in view of his extensive criminal history which includes multiple DUIs and public intoxication convictions. *Id.* While he has made strides battling his alcohol addiction, his repeated run-ins with the criminal justice system evince a lack of respect for the law and disregard for the danger posed to the community by his behavior. *Id.*

The Court reminds Mr. Miracle that the primary wrong in the supervised release context is the violation of the Court's trust. To this point, Judge Ingram noted that Mr. Miracle's "own testimony continues to evidence a casual attitude toward the law and his release conditions." *Id.* at 21. The recurring breaches of the Court's trust and the need to deter similar future conduct warrant a term of imprisonment.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id*. at 21–22; *see* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Miracle submitted a waiver of allocution. [*See* R. 24.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge

Ingram's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 23**] as to Defendant Dennis Rodney Miracle is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Miracle is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Defendant Miracle's Supervised Release is **REVOKED**;

4. Mr. Miracle is **SENTENCED** to the Custody of the Bureau of Prisons for a ten-month term of imprisonment; and

5. Following his release from incarceration, Mr. Miracle is placed on supervised release for a term of twelve months under the conditions originally imposed;

This the 3rd day of February, 2020.

Gregory F. Van Tatenhove
United States District Judge